```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT
```

RAYMOND A. LONG, M.D.,              :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :     Case No. 2:12-cv-81
                                    :
LLOYD GEORGE PARRY and DAVIS,       :
PARRY & TYLER, P.C.,                :
                                    :
        Defendants.                 :
                                    :

**MEMORANDUM OPINION and ORDER**

In this six-count complaint arising out of Defendants' legal representation of Plaintiff in a lawsuit he filed against his former employer, Defendants have moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Plaintiff has moved to amend his complaint. The motions to dismiss, ECF Nos. 6 & 11, are **denied.** The motion to amend, ECF No. 21, is **granted**.

---

[1] Defendants filed two motions to dismiss for failure to state a claim, ECF No. 6 filed June 25, 2012, and ECF No. 11 filed August 24, 2012. With certain exceptions, Federal Rule of Civil Procedure 12(g) does not permit a further motion under Rule 12. A motion to dismiss for failure to state a claim may also be made post-answer in a motion for judgment on the pleadings, however. Fed. R. Civ. P. 12(c); 12(h)(2)(B). It does not appear that Defendants filed a second motion to dismiss in order to delay the case, given that they have the ability to file this motion at a later date. Rather than require them to file an answer and then re-file their second motion to dismiss as a motion for judgment on the pleadings, the Court treats the second motion as an amendment to the first motion and consolidates the two motions in order to address all of Defendants' arguments for dismissal on their merits.

## Background

The following facts are taken from the complaint or are the subject of judicial notice and are essentially undisputed. In early 2005 Defendants Lloyd George Parry and the law firm of Davis, Parry & Tyler, P.C. (collectively "Parry") filed a lawsuit in this Court on behalf of Plaintiff Raymond A. Long, M.D., alleging claims for antitrust, violation of federal health care law, and violations of common law, arising out of the termination of Long's employment as a member of the medical staff at Northwestern Medical Center in St. Albans, Vermont. *See Long v. Quorum Health Res., L.L.C.*, No. 2:05-cv-00021-wks (D. Vt. filed Jan. 24, 2005) ("*Quorum*"). At the time Long filed the *Quorum* lawsuit, he alleged that he was a citizen of New York, domiciled in New York. *Quorum*, Compl. ¶ 1. On September 28, 2006, Long filed an amended complaint in which he again alleged that he was a citizen of New York domiciled in New York. *Quorum*, Am. Compl. ¶ 1. Jurisdiction in the *Quorum* lawsuit was based upon diversity, as the various individual and corporate defendants were alleged to be citizens of Vermont and Texas.

In January 2008, following a two-day mediation session held in Philadelphia, Pennsylvania, the evaluator reported a full settlement of the dispute. The *Quorum* defendants agreed to pay Dr. Long $4,000,000.00 to settle all of his claims. Thereafter a dispute arose between Long and Parry over the correct

2

distribution of the proceeds from the settlement.  Eventually Parry brought a declaratory action suit against Long in the Court of Common Pleas in Philadelphia County, Pennsylvania to determine the fate of $38,403.00 held in escrow by Defendants.  *Davis, Parry & Tyler, P.C. v. Long*, No. 5182 (C.P. Phila. Cnty. filed Dec. 31, 2008) ("PA suit").  Parry subsequently moved to discontinue the PA suit, Long did not oppose the motion, and the case was dismissed with prejudice on May 7, 2010.

Long filed the instant suit in this Court on April 24, 2012.  Jurisdiction is based on diversity, Long claiming that he is a resident of Florida, and that the Defendants are citizens of Pennsylvania.  He alleges claims for professional negligence, breach of contract, breach of fiduciary duty, and violation of Vermont's consumer protection law, based on Parry's conduct of the *Quorum* lawsuit, and abuse of process and malicious prosecution based on Parry's conduct of the PA suit.  Parry has moved to dismiss the suit in its entirety, asserting that res judicata bars Counts I through IV of the Complaint and the Court should decline to assert pendent personal jurisdiction over the Defendants with respect to Counts V and VI.  Parry also contends that Pennsylvania law applies to Long's claims, that Counts I through III, V and VI are barred by the applicable statutes of limitations, and that Count IV is not cognizable under Pennsylvania law.

Long has moved to amend his complaint to add allegations concerning the conduct of the *Quorum* lawsuit and his ties to Vermont prior to and during the time of the *Quorum* lawsuit, and to specify further his damage claim.

## Discussion

### I. Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a "court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally a plaintiff may amend his complaint unless a defendant demonstrates prejudice or bad faith. *City of New York v. Group Health Inc.*, 649 F.3d 151, 157 (2d Cir. 2011).

Parry complains that the revised allegations in Long's proposed amended complaint are irrelevant and misleading. In the absence of a showing of bad faith or prejudice, the Court grants leave to amend. *See, e.g.*, *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

### II. Motions to Dismiss

#### A. Legal Standard

On a motion to dismiss for lack of personal jurisdiction prior to discovery, the court accepts a plaintiff's jurisdictional allegations as true and construes any disputed facts in plaintiff's favor. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996); *see*

4

*also Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990) (stating that the motion "assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "accept[s] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and draws all reasonable inferences in favor of the plaintiff. *E.g.*, *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).

## B. Personal Jurisdiction (Counts V and VI)

Parry argues that the Court should decline to exercise jurisdiction over Counts V and VI, because the claims are beyond the reach of Vermont's long-arm statute, Vt. Stat. Ann. tit. 12 § 913(b).

There is no dispute that this Court has personal jurisdiction over the claims presented in Counts I through IV. At issue is whether personal jurisdiction extends over Counts V and VI, the counts for malicious prosecution and abuse of process stemming from the PA suit. In this Circuit, a court sitting in

diversity and acquiring personal jurisdiction over a defendant as to some of the claims asserted in the complaint, has the power to determine all other claims asserted in the complaint that have "a common nucleus of critical fact." *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 720 (2d Cir. 1980); *accord Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 438 (2d Cir. 2008) ("[O]nce a defendant properly is brought before a district court on a claim covered by [a long-arm statute], the court may entertain claims that are not expressly covered by the long-arm statute, so long as they derive from the same nucleus of operative fact as claims that are.").

In determining whether claims arise from a common nucleus of operative fact, a court asks whether the facts underlying the claims substantially overlap, or whether one claim necessarily brings the facts of the other claim before the court. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). The question is therefore whether the facts underlying the claims based on the conduct of the *Quorum* litigation substantially overlap with the facts underlying the claims based on the PA suit, or whether the *Quorum* litigation claims necessarily bring the facts of the PA suit before the Court.

An examination of the allegations of the Amended Complaint shows that the claims overlap substantially. For example, in Count I, the professional negligence claim, Long alleges, inter

alia, that after successful mediation of the *Quorum* lawsuit in Philadelphia, Parry requested that he sign a broad general release, that there were ongoing negotiations and disagreements over fees and expenses, that Parry escrowed $38,403.00 of the sum received from the *Quorum* defendants' insurer, and that Parry's negligence "proximately caused [him] to incur attorney's fees and spend time in obtaining the $38,403." Am. Compl. ¶¶ 268-293. In Count V Long alleges that Parry attempted to use the escrowed funds to obtain a covenant not to sue, and when that failed brought the PA suit. *Id.* ¶¶ 338-352. In Count VI Long alleges that Parry brought the PA suit with improper motive, and not because of a genuine disagreement over an attorney's fee. *Id.* ¶¶ 355-359.

Accordingly, this Court finds that the claims arise from a common nucleus of operative fact, such that it has the power to entertain the claims in Counts V and VI, regardless of whether the Court has independent personal jurisdiction over Parry with respect to these counts.

The question remains however whether retention of Counts V and VI "would work an undue hardship" on Parry. *Hargrave*, 646 F.2d at 720. Parry asserts that defending against these two counts, with the parties' conduct having occurred in Pennsylvania, and all of the defense witnesses residing there, would be burdensome. Parry has not shown however that defending

7

these claims in the District of Vermont would be more burdensome than defending against two separate lawsuits, one of them in Vermont and one in Pennsylvania. Although the Court acknowledges that there are sound reasons for trying claims alleging misuse and abuse of Pennsylvania court processes in a Pennsylvania court, judicial economy and the avoidance of duplicative litigation outweigh these reasons when the alternative would be to require Long to bring two lawsuits with overlapping facts.

## C. Applicable Law

Parry asserts that the law of Pennsylvania applies to all of Long's claims; Long asserts that the law of Vermont applies.

A federal court sitting in diversity applies the choice of law rules of its forum state. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941)); *accord Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871 (2d Cir. 1994). Vermont, as the forum state, "has adopted the Restatement (Second) of Conflicts [of Laws] for choice-of-law questions in both tort and contract cases." *McKinnon v. F.H. Morgan & Co.*, 750 A.2d 1026, 1028 (Vt. 2000).

The first step in a choice-of-law analysis is to determine whether in fact the law of the two jurisdictions are in conflict. Where there is no conflict, a court should avoid the choice of law question and apply the law of the forum state. *Havill v.*

8

*Woodstock Soapstone Co.*, 783 A.2d 423, 427 (Vt. 2001) (citing cases); *see also Forest Park Pictures*, 683 F.3d at 433 (applying New York choice of law rules).

Parry has not argued that the Pennsylvania law of professional negligence, breach of contract, breach of fiduciary duty, abuse of process or malicious prosecution differs from Vermont law. Thus, the Court applies the law of Vermont to these claims.

Parry does argue that the choice-of-law rules require application of Pennsylvania's statutes of limitations regarding these claims. In Vermont the applicable limitations period for a claim sounding in contract is six years, and is three years for a claim sounding in tort. *See* Vt. Stat. Ann. tit. 12, §§ 511, 512(4). In Pennsylvania an action for malicious prosecution or malicious abuse of process must be commenced within two years, 42 Pa. Cons. Stat. Ann. § 5524(1), as must actions founded on negligent, intentional, or otherwise tortious conduct. *Id.* § 5524(7). An action upon a contract must be commenced within four years. *Id.* § 5525(a). An action for legal malpractice may sound in negligence or tort, and therefore may be subject to either a two-year or a four-year limitations period. *Wachovia Bank, N.A. v. Ferretti*, 935 A.2d 565, 570 (Pa. Super. 2007). Thus, if choice of law rules apply to the selection of an appropriate statute of limitations, the differing limitations periods

9

applying to these causes of action under Vermont law and Pennsylvania law require such an analysis.

The parties debate whether statutes of limitations are substantive or procedural in nature. Of course, "[s]tatutes of limitations . . . defy characterization as either purely procedural or purely substantive." *Sun Oil Co. v. Wortman*, 486 U.S. 717, 736 (1988) (Brennan, J. concurring); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Classification of a law as 'substantive' or 'procedural' . . . is sometimes a challenging endeavor."); *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("The line between 'substance' and 'procedure' shifts as the legal context changes."); *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109-10 (1945) (referring to the substantive-procedural dichotomy as an abstraction to be avoided).

Statutes of limitation are "substantive" for purposes of determining whether state or federal law supplies the rule of decision in diversity cases. *See Guaranty Trust*, 326 U.S. at 110 ("[I]f a plea of the statute of limitations would bar recovery in a State court, a federal court ought not to afford recovery."). There is authority for the conclusion that under Vermont law a statute of limitations is a substantive limitation on recovery rather than a purely procedural matter. *See Carter v. Fred's Plumbing & Heating Inc.*, 816 A.2d 490, 493 (Vt. 2002) (holding

that a statute precluding recovery for occupational diseases that remained latent for longer than five years was substantive). *But see Marine Midland Bank v. Bicknell*, 2004 VT 25, ¶ 7, 848 A.2d 1134, 1137 (holding that Vermont law governs "procedural issues" such as the limitations period in an action to enforce a foreign judgment in Vermont courts).

In the context of this case it is unnecessary to decide whether the statutes of limitations are substantive or procedural for purposes of conducting a choice-of-law analysis, however. Once a Vermont court determines that the law of two jurisdictions is in conflict, its next step "is to ascertain whether a specific section of the Restatement governs what law should ordinarily apply to the particular action or **legal issue**." *Martineau v. Guertin*, 751 A.2d 776, 778 (Vt. 2000) (emphasis supplied). "If such a section exists, generally the law of a particular state is presumed to be the correct forum unless another state has a more significant interest in the litigation." *Id.*

Such a section exists. The Restatement's revised section 142 provides:

> whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6.[2] In general, unless the

---

[2] Section 6(2) provides that
the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,'(d) the protection of justified expectations, (e) the basic policies

11

> exceptional circumstances of the case make such a
> result unreasonable:  (1) the forum will apply its own
> statute of limitations barring the claim.  (2) The
> forum will apply its own statute of limitations
> permitting the claim unless:  (a) maintenance of the
> claim would serve no substantial interest of the forum;
> and (b) the claim would be barred under the statute of
> limitations of a state having a more significant
> relationship to the parties and the occurrence.

Restatement (Second) of Conflicts § 142 (1988).  Parry has not argued that Vermont's statutes of limitations bar Long's claims. According to revised section 142(2), Vermont's statutes of limitations apply to the claims unless maintenance of the claims would serve no substantial interest of the forum, and the claims would be barred under the statutes of limitations of Pennsylvania.

It is necessary to distinguish between the claims that stem from Parry's representation of Long in his Vermont lawsuit and Parry's subsequent lawsuit against Long in Pennsylvania. Although it might be debated which forum has a stronger interest in the *Quorum* lawsuit claims, Parry has not shown that maintenance of these claims would serve **no** substantial Vermont interest.  At a minimum, Vermont has an interest in the adjudication of malpractice and related claims brought against lawyers practicing in Vermont based on their litigation of lawsuits brought in Vermont courts.  Accordingly, this Court

---

underlying the particular field of law, (f) certainty,
predictability and uniformity of result, and (g) ease in the
determination and application of the law to be applied.
Restatement (Second) of Conflicts § 6 (1971).

applies Vermont statutes of limitations to Counts I through IV, the claims related to the *Quorum* lawsuit.

Counts V and VI, the claims for malicious prosecution and abuse of process arising out of Parry's declaratory action in Pennsylvania, are another matter. Under both Vermont and Pennsylvania law the torts seek damages for injuries arising from the improper use of legal process or the malicious institution of a lawsuit without probable cause. *See Sabella v. Estate of Milides*, 992 A.2d 180, 188 (Pa. Super. 2010); *Szechorowski v. State*, 2005 VT 40, ¶ 30, 872 A.2d 883, 895; *Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶ 11, 824 A.2d 531, 536.

None of the events which gave rise to these causes of action took place in Vermont. The mediation which resulted in the settlement of the *Quorum* lawsuit took place in Pennsylvania. The conduct complained of—the refusal to pay the disputed amount of the settlement, the escrow, the litigation, the arbitration, the appeal of the arbitration, the negotiation, and the discontinuance of the lawsuit—did not involve Vermont courts, Vermont citizens or residents. The payee deprived of the escrowed amount was a Vermont citizen, but the payee was not involved in the PA suit. The Defendants are citizens of Pennsylvania. At the time he filed the *Quorum* lawsuit, Dr. Long claimed to be a citizen and domiciliary of New York. Maintenance of these claims in Vermont serves no substantial Vermont purpose,

and the claims will be barred if the Pennsylvania statute of limitations bars them.

Pennsylvania's two-year statute of limitations therefore applies to Counts V and VI. *See* 42 Pa. Cons. Stat. Ann. § 5524(1).

### D. Statute of Limitations

Parry does not argue that counts I through IV were untimely filed if Vermont statutes of limitations apply.

According to Parry, Long's claim for malicious prosecution accrued on May 7, 2010, when the Pennsylvania court granted discontinuance of the PA suit. Given that Long filed his complaint on April 24, 2012, it appears that the claim was timely filed. Parry claims, however, that Long was required to file his claim for malicious prosecution in Pennsylvania within two years, citing cases applying tolling principles. This case does not present a tolling question however, but a straightforward determination of when Long's cause of action accrued and whether he filed suit within two years of that date. Parry offers no authority for the principle that a plaintiff must file suit in Pennsylvania in order to satisfy the relevant Pennsylvania statute of limitation. Accordingly the Court finds that Long's claim for malicious prosecution (Count VI) was filed within Pennsylvania's two-year statute of limitations.

Parry argues that Long's abuse of process claim (Count V)

accrued on December 31, 2008, when the declaratory judgment action was filed.  Abuse of process is "the use of legal process as a tactical weapon to coerce a desired result that is not the legitimate object of the process."  *Werner v. Plater-Zyberk*, 2002 PA Super 42, ¶ 15, 799 A.2d 776, 785; *see also Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶ 11, 824 A.2d 531, 536 (stating that Vermont's abuse of process tort involves an illegal, improper or unauthorized use of a court process for an ulterior motive or an ulterior purpose).

Although Long's abuse of process count alleges that by filing the PA suit, Parry committed the tort of abuse of process, it also alleges that Parry committed the tort by prosecuting the lawsuit.  Am. Compl. ¶ 352.  The PA suit terminated in December 2010.  Assuming without deciding that Long has a viable claim for abuse of process for prosecuting the lawsuit, the claim was timely filed.

The parties have not demonstrated "exceptional circumstances" that would make application of the Restatement's revised section 142 "unreasonable."  Restatement (Second) of Conflicts § 142.  Accordingly Parry is not entitled to dismissal of any of the counts of Long's complaint on statute of limitations grounds.

### E.  Res Judicata (Counts I-IV)

Parry asserts that Counts I through IV are barred by the

doctrine of res judicata, because Long could have litigated those claims within the scope of the PA suit, and did not do so.

Pennsylvania does not have a compulsory counterclaim rule. *Davis Cookie Co. v. Wasley*, 566 A.2d 870, 876 (Pa. Super. 1989) (quoting *Bender's Floor Covering Co. v. Gardner*, 564 A.2d 518, 520 (Pa. Super. 1989)); *see also* Pa. R.C.P. No. 1031(a) ("The defendant **may** set forth in the answer under the heading "Counterclaim" any cause of action cognizable in a civil action which the defendant has against the plaintiff at the time of filing the answer.") (emphasis supplied). Consequently, although Long was entitled to set forth counterclaims in his answer in the PA suit, under Pennsylvania law he could bring a subsequent action that might arguably have been brought as a counterclaim without risking the bar of res judicata. *See Sobol v. Will Allen Builders, Inc.*, 368 A.2d 825, 827-28 (Pa. Super. 1976). Moreover, under Pennsylvania law an action for declaratory relief must employ the rules and procedures governing such an action, and a party asserting legal rather than equitable counterclaims may have to forego his right to a jury trial on his claims. *See Geisinger Clinic v. Di Cuccio*, 606 A.2d 509, 520-21 (Pa. Super. 1992), *appeal denied*, 637 A.2d 285 (Pa. 1993); Pa. R.C.P. No. 1602 ("In any civil action, a party may include in the claim for relief a prayer for declaratory relief and the practice and procedure shall follow, as nearly as may be, the rules governing

that action."); *see also Rosenberg v. Rosenberg*, 419 A.2d 167, 169 (Pa. Super. 1980) ("[A] defendant who files a legal counterclaim to an equitable action, rather than asserting it as a separate action at law, has waived any right to have the issues of fact thus raised tried by a jury.").

If, however, "two claims have such a measure of identity and are so inextricably intertwined that a different judgment in the second action would operate to nullify or substantially impair rights or interests established by the judgment in the first," then res judicata may bar the second suit. *Del Turco v. Peoples Home Sav. Ass'n*, 478 A.2d 456, 463 (Pa. Super. 1984). The PA suit sought a determination of the rights and liabilities of the parties concerning their contingent fee contract and a declaration that the escrowed funds were the property of the law firm. With the dismissal of that action, the escrowed funds were released to Long. Long's current claims of professional negligence, breach of contract, breach of fiduciary duty, and violation of Vermont consumer protection law, range far beyond the question whether the law firm was entitled to the escrowed funds. Whatever the outcome of his current lawsuit, it will not operate to nullify or impair any interest or right established by the dismissal of the declaratory action and the disbursement of the escrowed funds.

Accordingly, Parry is not entitled to dismissal of Counts I

through IV on res judicata grounds.

## Conclusion

For all of the above-cited reasons, the Court **denies** Parry's motions to dismiss. The Court is aware however that none of the parties reside in Vermont, and many of the witnesses may also not be Vermont residents. Section 1404(a) of Title 28, United States Code, permits a district court, for the convenience of parties and witnesses, to transfer a civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). It appears to the Court that venue in this action may be appropriate in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(1). If no objections to a convenience transfer pursuant to § 1404(a) are filed within thirty days, the Court on its own motion will transfer this action to the Eastern District of Pennsylvania.

Dated at Burlington, Vermont, this 1st day of February, 2013.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
