UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| RAYMOND LONG, M.D. | No. 2:12-cv-81 |
| v. | |
| LLOYD GEORGE PARRY and DAVIS, PARRY & TYLER, P.C. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SECOND MOTION TO SEAL**

The defendants have filed another motion to seal documents that have never been designated as under the *Triad* Protective Order, essentially duplicating their pending motion, Doc. 137. In the process, they again attempt to mislead the Court into sealing or ordering destruction of evidence in this case that should not be sealed or destroyed.

Contrary to L.R. 7(a)(7), the defendants have not requested assent to this non-dispositive motion.

In opposition to the defendants' present motion, Dr. Long incorporates his previous memoranda, Docs. 133 and 145.

The unambiguous language of the Protective Order provides that documents shall bear the legend, "Confidential Information – Subject to Protective Order" in order to fall under the protection of the order. As shown in Doc. 145, which opposed Doc. 137, merely having the word "confidential" on a document does not designate it as under the Protective Order, nor is there any reason to believe that it should. With the mere "confidential" label, the defendants in *Triad* produced hundreds of pages of documents such as newspaper articles, internet searches, hospital bylaws, the U. S. Code, documents in which all content was redacted, patient records where all patient identifiers were completely redacted, Dr. Long's correspondence with the hospital, the

1

hospital's correspondence with Dr. Long, and other papers that no reasonable person would have thought deserved the protection of the *Triad* Protective Order. Unsurprisingly, none of these documents were designated as "Confidential Information – Subject to Protective Order" as required by the Protective Order.  Nor have the present defendants shown why anyone would expect them to be designated as such. Thus, there is no reason for anyone to believe that the word "confidential" affixed to a document places that document under the Protective Order in *Triad*.

Using the language required by the Protective Order was not hard.  As Defendant Parry well knows, hundreds of pages of documents produced in *Triad* **were** properly designated as "Confidential Information –  Subject to Protective Order." Dr. Long has destroyed all such documents.

Moreover, Protective Order ¶ 7 provides that "Nothing herein shall be deemed to restrict in any manner the use by any party of (a) its own documents or materials or (b) documents or materials obtained by a party before this Protective Order was signed or without the specific use of this Protective Order."  The words "in any manner" make clear that, even if such a document were designated as "Confidential Information: Subject to Protective Order" (the wording required by the Protective Order), that would not restrict its use in any manner when Dr. Long had created or acquired the document before the Protective Order issued or without the specific use of the Protective Order. An example would be the formula Dr. Long provided to the MEC that now forms Exhibit 3 in Dr. Long's motion for partial summary judgement. Not only did Dr. Long have that document years prior to the Protective Order being signed, he created it. NMC did not label that document "Confidential Information –  Subject to Protective Order," probably because the Protective Order still would not apply in any manner to the document. The defendants' claim that the Protective Order applies to such documents goes beyond what F.R.Civ.P. 11 allows.

The record does not show who marked the majority of the documents "confidential," when they were marked, or what the purpose for marking them "confidential" was. It is thus impossible for the Court to tell whether even a few of the documents marked merely "confidential" legitimately fell within the scope of the Protective Order, were supposed to have been marked "Confidential Information: Subject to Protective Order," and thus actually could have come within the Protective Order.

Finally, the present defendants are not the proper movants. As Dr. Long has pointed out in Doc. 133 at 3 (defendants not intended beneficiary of Protective Order) and 12 (Protective Order not adopted to protect present defendants), the present defendants lack standing to enforce the *Triad* Protective Order. The only parties with standing are the parties in *Triad*. The defendants in *Triad,* as signatories to the Protective Order, have standing to enforce the Protective Order. They have been provided with all of the filings in the case, yet have remained silent at all times and have never raised their voices about a violation of the Protective Order, most likely because they never considered that the documents Parry seeks to have the Court destroy were ever under the Protective Order.

The defendants are attempting to persuade this Court to make Dr. Long do the same thing Parry himself did with the file of Dr. Kirkland, namely, destroy evidence even though it does not bear the legend "Confidential Information -- Subject to Protective Order," under the false premise that it is under the Protective Order. However, exactly zero of the documents that the defendants are asking the court to seal or eventually order destroyed bear the legend, "Confidential Information – Subject to Protective Order" as is required by the Protective Order. Thus, there are zero reasons for the court to seal them or order them destroyed pursuant to the *Triad* Protective Order. Nor is there any reason for Dr. Long to need permission to use any such documents.

3

For the foregoing reasons, including those in Dr. Long's opposition to the pending Motion for Sanctions and the prior, still pending Motion to Seal, Dr. Long prays that the Court deny the new Motion to Seal and let the light shine on what happened.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date subscribed, I electronically filed with the Clerk of Court the following document(s):
**above document**
using the CM/ECF system. The CM/ECF system will provide service of such filing(s) via Notice of Electronic Filing (NEF) to the following NEF parties:
**both defendants** (through Attys. Strempel, MacIlwaine and Barnard)
**co-counsel** (Atty. McClintock)
**counsel for Ritchie Berger, Esq.** (Atty. Nicole Andreson)
And I also caused to be served, by U.S. Protective Orderstal Service (hand-delivery, FedEx, UPS etc.), the following non-NEF parties:
(Name)       **N/A**
(Mailing Address)
    Danby, Vermont, February 26, 2016

/s/ Herbert G. Ogden
Ogden Law Offices, P.C.
12 North Main Street
Danby VT 05739-9355
(802) 293-2693
Ogdenlaw@vermontel.net
Co-counsel for Plaintiff

4

_____
*OGDEN LAW OFFICES, P.C.*
12 North Main Street   Danby, Vermont  05739   (802) 293-2693   Fax (802) 293-2694